MATEO CAVAZOS V. STATE.

No. 25,777. April 30, 1952.
Appellant's Motion for Rehearing Overruled (Without Written Opinion) May 28, 1952.

Hon. Sam G. Reams, Judge Presiding.

*Gerald Weatherly, Austin,* and *Goodhue Weatherly,* Falfurrias, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, two years.

The prosecuting witness Marek testified that, while at a beer drinking establishment, he met the appellant, and they began to gamble on a pin ball machine; that they had a misunderstanding about who had won; that he told appellant that he owed him fifty cents; that appellant "said something and walked out. When he walked out I drank my beer and walked out behind him." Marek further stated that, when he got outside, he saw appellant taking a gun from his car; whereupon he began to run, and appellant shot at him twice; that he came to a stop, turned around and observed that appellant had fallen and that it was at this juncture that appellant shot him in the chest.

The deputy sheriff, who happened to be passing the tavern at the time of the trouble, testified that he first observed appellant and Barrera arguing at appellant's pickup truck parked at the curb; that appellant pulled out a gun, and Marek began to dodge; that appellant fired at Marek, who began to run; that appellant fired again; that, some distance around the corner, the appellant fell; that Marek stopped and was leaning over him when the bullet which took effect was fired by appellant.

The doctor testified that the bullet had gone through Marek's chest near his heart and that he would have died had he not received prompt medical attention.

Barrera testified for the appellant, but, in his cross-examination, he admitted that a statement he made following the offense was correct. In this statement, he told that he had tried to keep the appellant from getting his pistol out of the pickup; that appellant had shot at the injured party and then followed him around the corner and out of his view, where the other shots occurred.

Appellant, testifying in his own behalf, admitted that Marek had no weapon of any kind in his hand and never touched him,

but contended that Marek was advancing on him and that he shot all three times in an effort to frighten Marek away and without intending to hit him.

The sole question presented for our review is the sufficiency of the evidence to support the conviction.

We have studied appellant's able brief in the light of his contention that "the testimony viewed in its strongest light from the standpoint of the state failed to make guilt reasonably certain" but cannot bring ourselves to agree therewith.

Being convinced that the evidence supports the verdict, the judgment is affirmed.